JUSTICE WARNER
dissents.
¶75 I respectfully dissent from the Court’s decision to remand this case for a new trial. I agree with the dissent of Justice Rice concerning Justice Leaphart’s concurring opinion commencing at ¶ 65. Relating to Justice Nelson’s opinion, in my view it takes the prosecutor’s closing argument out of context, and then goes on to erroneously undertake a plain error review of the case to reach its conclusions.
¶76 In considering the appropriateness of plain error review, the Court ignores the principle that we do not lightly excuse the failure to raise a contemporaneous objection but utilize plain error review sparingly. Finley, 276 Mont. at 138, 915 P.2d at 215. The Court justifies its use of plain error review by stating that a failure to address the alleged improper closing argument by the prosecution would bring into question the fundamental fairness of Newman’s trial. While this Court has held that utilizing plain error review is proper when a failure to review the claimed error “may leave unsettled the question of the fundamental fairness of the trial,” Finley, 276 Mont. at 137, 915 P.2d at 215,1 cannot agree that the trial in the present case was fundamentally unfair.
¶77 While the prosecution’s comments could have been more artfully phrased, the transcript shows the arguments in question were not at all aimed at the presumption of innocence. They were an attack on Newman’s credibility. Newman testified at the trial. Thus, the prosecution could properly comment on her credibility. We have previously found it proper for the prosecution “to comment on conflicts and contradictions in testimony, as well as to comment on the evidence *182 presented and suggest to the jury inferences which may be drawn therefrom.” State v. Daniels, 2003 MT 247, ¶ 26, 317 Mont. 331, ¶ 26, 77 P.3d 224, ¶ 26 (quoting State v. Gladue, 1999 MT 1, ¶¶ 14-15, 293 Mont. 1, ¶¶ 14-15, 972 P.2d 827, ¶¶ 14-15). The prosecution’s argument was that Newman’s version of events was not credible, and Newman’s failure to call certain witnesses implied that her version of events was not credible. As such, when taken in context, the prosecution’s closing was not improper.
¶78 Even assuming, arguendo, that the prosecution’s closing was an attack on the presumption of innocence, which it was not, Newman has failed to establish any resulting prejudice. This Court has previously held that the burden is on the defendant to demonstrate, from the record, that improper comments by the prosecution prejudiced the defendant’s right to a fair and impartial trial. Gladue, ¶ 27. In the present case, while Newman’s counsel failed to object to the prosecution’s closing, he clearly pointed out to the jury that Newman was presumed innocent and had no obligation to present any witnesses. He argued:
Mr. Fulbright [the prosecutor] brought up where are the other witnesses, where is Amber, where are these people that come to the house if they were supporting them. If you remember one thing about the Rices, they both testified that they never saw anyone using drugs at the house and they never saw any drug deals going on in the house. And as Mr. Fulbright indicated, it sounds as if they’re watching this house pretty closely. I mean, they’re taking down notes, they’re writing down license plate numbers to investigate these people. And Mr. Fulbright says, well, where are these people now? Well, it is not the Defendant’s burden. It’s not our burden to prove that my client is innocent. It’s the State’s burden to produce those types of witnesses that may implement [sic] my client in a crime. It’s the government’s burden to prove each and every element beyond a reasonable doubt. That’s the most important principal [sic] of our constitution. And that Sandra is innocent until proven guilty and you all assured me you will do that. And I believe you still will.
¶79 This argument by Newman’s counsel, as well as the jury instructions that clearly state it is the State’s burden to prove each element of the alleged offense beyond a reasonable doubt, make it clear that Newman received a fair trial. Considering the entire record, Newman’s fundamental constitutional rights are not implicated in this *183 case, the fundamental fairness of the trial is not called into question, and the integrity of the judicial process is not compromised.
¶80 As the prosecution’s closing argument, taken in context, was not improper, and the record reflects that Newman was not prejudiced by such argument, the Court should not undertake plain error review. I would affirm the conviction and dissent from our refusal to do so.